UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILLIPS & JORDAN, INC.,

Plaintiff,

v. Case No.: 2:25-cv-1044-SPC-NPM

IRONSHORE SPECIALTY INSURANCE COMPANY, STARR SURPLUS LINES INSURANCE COMPANY, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, and ALLIANZ GLOBAL RISKS US INSURANCE COMPANY,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendants Ironshore Specialty Insurance Company ("Ironshore"), Endurance American Specialty Insurance Company ("Endurance"), Allianz Global Risks US Insurance Company ("Allianz"), Starr Surplus Lines Insurance Company ("Starr"), and Westchester Surplus Lines Insurance Company's ("Westchester") (collectively, "Defendants") motion to dismiss the second amended complaint. (Doc. 53). Plaintiff Phillips & Jordan, Inc., responded. (Doc. 57). After review of the parties' briefs and applicable law, the Court denies the motion.

## Background

This is an insurance recovery action.[1] Plaintiff alleges that it served as the contractor for a development project in Hendry County, Florida ("Reservoir Project"). And Plaintiff alleges that beginning on June 10, 2024, the Reservoir Project "experienced a severe storm[.]" (Doc. 53 ¶ 35). The storm damaged various structures Plaintiff built while working on the Reservoir Project.

Plaintiff purchased builder's risk insurance for the Reservoir Project from Defendants and sought to use it after the storm. Plaintiff alleges Ironshore issued a builder's risk insurance policy for the Reservoir Project and the rest of Defendants issued policies that "follow form" and incorporate the terms and conditions of the Ironshore Policy, "subject to individualized endorsements."[2] (*Id.* ¶ 44). The total limit of the policies was $102,448,034, and each of the policies covered 20 percent of that total. All the policies were in effect from August 7, 2023, through January 1, 2025. Defendants denied coverage to Plaintiff based on the valuation of the damages, applicable deductibles, as well as various exclusion provisions of the policies related to "Earth Movement." (*Id.* ¶ 55).

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009) (citing *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1262 (11th Cir. 2004)).

[2] The second amended complaint quotes language extensively from the Ironshore Policy, which Plaintiff labels as the "lead" policy to which the other four "follow-form" policies are based on. (Doc. 55 at 5).

Plaintiff sues Defendants for their denial of coverage. In Count I, Plaintiff seeks a declaratory judgment that its interpretation of the relevant contractual language, specifically the Exclusion (B), Exclusion (R), Endorsement exclusion (7), and valuation clauses, is correct. Plaintiff extensively cites language from the Ironshore contract alone in the second amended complaint. In Count II, Plaintiff alleges that Defendants breached their respective contracts with it. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," are not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

Defendants make two sets of arguments in support of their motion. First, Defendants argue that the second amended complaint is a "shotgun pleading" and should be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Defendants then argue that Plaintiff's declaratory judgment claim is duplicative of its breach of contract claim. The Court addresses these arguments in turn.

The Court begins with Defendants' shotgun pleading arguments. The Eleventh Circuit has identified four categories of shotgun pleadings. *See id.* at 1321–23. Defendants argue the second amended complaint is the third type of shotgun pleading because it comingles claims involving separate contracts between Plaintiff and the various Defendants into the same counts. Defendants also argue the second amended complaint is the second type of shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. For the following reasons, the Court disagrees with Defendants on both fronts.

The second amended complaint is not the third type of shotgun pleading. Defendants are correct that ordinarily "claims against different defendants

should be separated into different counts." *Orange v. Lexus Fin. Servs.*, No. 3:25-CV-1377-MMH-LLL, 2025 WL 3257129, at *2 (M.D. Fla. Nov. 21, 2025). That said, "nothing in the pleading rules prohibits lodging the same claim against multiple defendants if they are all alleged to have participated in the same acts rising to the claim." *Schmidt v. Disney Parks, Experiences & Prods., Inc.*, 721 F. Supp. 3d 1314, 1323 (M.D. Fla. 2024) (cleaned up and citation omitted). That is what Plaintiff does here.

The second amended complaint permissibly pleads that Defendants breached their respective contracts by engaging in coordinated conduct: denying coverage to Plaintiff with respect to their share of the liability. (Doc. 53 ¶ 155). Plaintiff alleges that Defendants jointly issued their positions regarding coverage and attached documentation indicating the same. (*Id.* ¶¶ 79–83, 94–97); (*see also* Docs. 53-9, 53-11, 53-12, 53-14). And Plaintiff alleges that all the Defendants adopted interpretations that no coverage was due under their respective policies' provisions. (Doc. 53 ¶¶ 150–156). Plaintiff's pleading method is permissible. *See, e.g.*, *Prime Ins. Co., Inc. v. Medicab Transp., LLC*, No. 2:24-CV-421-SPC-KCD, 2025 WL 1180886, at *3 (M.D. Fla. Apr. 23, 2025) ("Complaints that attribute the same actions to multiple defendants whom it alleges operate jointly . . . provide fair notice to defendants for shotgun pleading purposes.") (citation omitted); *Parkhurst v. Hiring 4 U, Inc.*, No. 219CV863FTM38NRM, 2020 WL 5797709, at *2 (M.D. Fla. Sept. 29,

2020) (rejecting shotgun pleading argument where plaintiff alleged multiple defendants jointly took unlawful conduct). The Court finds the second amended complaint is not the third type of shotgun pleading.[3]

The second amended complaint is not the second type of shotgun pleading either. Defendants argue Plaintiff includes a plethora of irrelevant facts regarding "(1) the scheduling order and a hearing held by Judge Mizell; (2) the adequacy of the Market's claim handling; (3) policy provisions that do not appear to be connected to a cause of action; and (4) prior litigation between the parties." (Doc. 54 at 12). The Court disagrees that these allegations render the second amended complaint a shotgun pleading.

A complaint warrants dismissal as a shotgun pleading where it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" such that "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief" (quotation omitted) (emphasis in original). *Weiland*, 792 F.3d at 1322–25. Although many of Plaintiff's allegations appear irrelevant, "[n]o such virtual impossibility exists in this case." *Id.* at 1325. The second amended complaint is not "replete" with immaterial facts such that Defendants lack notice of the

[3] Defendants' attempt to muddy the waters is unavailing. They cite one distinction between the insurance policies at issue, which is the deductible for "Earth Movement" is slightly higher in one of the policies. (Doc. 54 at 11). Defendants fail to explain why this difference is material, or how it supports their shotgun pleading arguments. Thus, the Court finds it of no consequence at this stage.

claims against them.[4] The Court rejects Defendants' shotgun pleading arguments.[5]

Now, the Court addresses Defendants' duplicativeness argument. Defendants argue that the relief Plaintiff's declaratory action seeks is duplicative of its breach of contract claim and should be dismissed. Plaintiff responds that the claims are not duplicative, and in any event it is improper for Defendants to seek dismissal on that ground at the pleading stage. The Court agrees with Plaintiff.

Defendants' duplicativeness argument is unpersuasive. "[M]otions to dismiss . . . under Rule 12(b)(6) only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." *Scott A. Saveraid Tr. v. QBE Specialty Ins. Co.*, No. 2:25-CV-394-SPC-DNF, 2025 WL 3122865, at *2 (M.D. Fla. Nov. 7, 2025) (quotation omitted); *Egalton v. Hartford Ins. Co. of Midwest*, No. 2:23-CV-1061-JLB-KCD, 2024 WL

---

[4] Defendants do not argue that the second amended complaint contains any vague or conclusory allegations, which further shows that dismissal is inappropriate. *Contra Shaw v. HealthPark Med. Ctr.*, No. 2:22-CV-106-SPC-MRM, 2022 WL 911577, at *1 (M.D. Fla. Mar. 29, 2022) (finding complaint to be a shotgun pleading where it contained "a rambling mix of conclusory facts and legal conclusions" such that "it [was] unclear exactly what claims [plaintiff] brings").

[5] Defendants neither moved for a more definite statement under Federal Rule of Civil Procedure 12(e) nor moved to strike the material they contend is irrelevant and improper under Federal Rule of Civil Procedure 12(f). This is telling. Defendants' motion to dismiss is an understandable but meritless attempt to "cry shotgun" in the hopes of getting this case dismissed. The Court declines to bless this "half-court attempt" by Defendants. *Douse v. Bos. Sci. Corp.*, 314 F. Supp. 3d 1251, 1259 (M.D. Fla. 2018).

3415250, at *1 (M.D. Fla. Apr. 15, 2024) ("Rule 12(b)(6) is a vehicle to challenge a claim's sufficiency. Redundancy is not insufficiency, and it is not a ground for dismissal under Rule 12(b)(6).") (quotation omitted). So even assuming that Defendants are correct the claims are duplicative, that does not support dismissal at the pleading stage. The Court rejects Defendants' duplicativeness argument.

The second amended complaint complies with the minimal requirements of federal pleading standards, so dismissal is not warranted. As a result, the Court denies Defendants' motion.

Accordingly, it is

**ORDERED:**

Defendants' motion to dismiss the second amended complaint (Doc. 54) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record